# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES KAY MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-0300 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| COSTCO WHOLESALE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Frances Kay Mills brings this negligence action against Costco Wholesale Corp. alleging that the negligence of the company's employees at its Niles, Illinois store led her to suffer injuries when she slipped and fell in a large puddle of water outside the women's restroom. Currently before the Court is Defendant's motion for summary judgment [23]. For the reasons set forth below, the Court denies Defendant's motion [23]. The Court sets the case for further status on August 20, 2019 at 9:00 a.m.

**I.  Background**

The Court takes the relevant facts from the parties' Local Rule 56.1 statements of undisputed material facts and supporting exhibits: [24], [27]. The Court construes the facts in the light most favorable to the nonmoving party—here, Plaintiff. The following facts are undisputed unless otherwise noted. "When we cite as undisputed a statement of fact that a party has attempted to dispute, it reflects our determination that the evidence cited in the response does not show that the fact is in genuine dispute." *King v. Chapman*, 2013 WL 6709623, at *3 (N.D. Ill. Dec. 16, 2013).

On February 20, 2016, Plaintiff visited Defendant's store in Niles, Illinois around 10:00 a.m. [24, ¶¶ 2, 9–10.] As soon as she entered the store, Plaintiff made her way to the main

restrooms in the store. [*Id.* ¶ 11.] These restrooms are located in the front of the store, past the registers, and consist of a men's and women's room next door to one another that share a vestibule. [*Id.* ¶¶ 12–13, 15.] Anyone who wishes to access the restrooms must walk down a hallway, past an employee break room and employee lockers, to the vestibule. [*Id.* ¶ 15.] From the vestibule, one turns right to enter the men's restroom or left to enter the women's restroom. [*Id.*] Plaintiff's accident occurred in this vestibule. [*Id.* ¶ 17.]

As Plaintiff entered and began crossing the vestibule towards the women's restroom, she slipped and fell on what she described as a "huge" puddle of water approximately three feet from the restroom. [*Id.* ¶ 19.] Although the parties dispute whether the puddle took up the entire length and width of the vestibule, there is no dispute that during her deposition Plaintiff drew a circle to show that the puddle encompassed a significant portion, if not the majority, of the vestibule. [26, ¶ 21; 24-5, at 41.] Plaintiff does not know where the water came from or how long it had been on the floor of the vestibule when she fell. [24, ¶¶ 22–23.]

After Plaintiff's fall, Monique Thomas helped transport Plaintiff to the warehouse office. [*Id.* ¶ 24.] Thomas testified that immediately after taking Plaintiff to the office, she returned to the vestibule and took photographs of the space at the direction of Stephanie Reynolds, the Defendant's front-end manager. [*Id.* ¶ 25.] Thomas took four photographs of the vestibule within minutes of the accident and forwarded them to Reynolds. [*Id.* ¶ 26.] Defendant asserts that these images fairly and accurately represent the vestibule of the restrooms located in the Niles Costco the morning of February 20, 2016. [*Id.* ¶ 27.] Plaintiff strongly denies this. While admitting that the photographs do accurately depict the layout of the restrooms, she denies that the photographs accurately depict the condition of the floor, the lighting of the vestibule, or the location of a wet floor sign. [26, ¶¶ 27–29.]

2

Relying on the photographs, Defendants assert (1) that the lighting in the vestibule was bright immediately following the accident and (2) that a yellow caution sign depicting someone slipping was in the middle of the vestibule between the men's and women's restrooms and would have been clearly visible to anyone walking into the restroom vestibule. [24, ¶¶ 32–33.] Defendants further assert that the caution sign was there at all times and is never moved when the store is open. [*Id.* ¶ 34.]

By contrast, Plaintiff points to her own testimony that (1) the vestibule was dark and dimly lit when she entered the space such that she could not see the puddle until after she fell and (2) that she did not see the caution sign until after she fell because it was located more closely to the men's restroom and was therefore blocked from view by a wall as she approached the restroom from that direction. [26, ¶¶ 28, 32–34 (citing 27-1, at 10).]

After her fall, Plaintiff was transported by ambulance to Lutheran General Hospital. [24, ¶ 38.] While Plaintiff was in the Emergency Room, she received treatment from one of the emergency room nurses, Deborah Walsh-Monforti. [*Id.* ¶ 39.] Walsh-Monforti testified that whenever a patient comes into the emergency room, she takes a history from the patient that is as close to verbatim as possible. [*Id.* ¶ 40.] Defendant asserts that during the course of her treatment by Walsh-Monforti, Plaintiff admitted that she saw the wet floor sign, saw the water, thought the floor was not as wet was it was, and proceeded to encounter the hazard despite the warning. [24, ¶¶ 41–44.] Plaintiff strenuously disagrees, pointing to her own testimony regarding the incident, asserting that she said nothing of the sort to the nurse, and noting that the Walsh-Monforti testified that she generally puts any verbatim quotes from the patient in quotes when she prepares a medical record, and that this statement was not in quotes. [26, ¶¶ 41–44 (citing 27-1, at 6, 15, 25–28; 27-2, at 8).]

3

On November 13, 2017, Plaintiff filed the instant negligence action in the Circuit Court of Cook County. [1-1.] After initial discovery demonstrated the case's removability, Defendant removed the case to this Court on January 16, 2018. See generally [1]. The Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1332 because the parties are residents of different states, [26, ¶¶ 1, 3], and the amount in controversy exceeds $75,000, [*id.* ¶ 8]. Finally, venue is proper in this District because the alleged events giving rise to Plaintiff's claims occurred within the Northern District of Illinois. [*Id.* ¶ 7.]

## II.     Summary Judgment Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). Rule 56 makes clear that whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. *Id.* In determining whether summary judgment is appropriate, the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor (here, Plaintiff). *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 532 (7th Cir. 2013) (citation omitted). But Plaintiff "is only entitled to the benefit of inferences supported by admissible evidence, not those 'supported by only speculation or conjecture.'" *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citation and quotation marks omitted). Rule 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party would bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, the moving party may meet its burden by pointing out to the court that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 324.

It is not the role of the Court to scour the record in search of evidence to defeat a motion for summary judgment; instead, the nonmoving party bears the responsibility of identifying evidence to defeat summary judgment. *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). To avoid summary judgment, the nonmoving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). For this reason, the Seventh Circuit has called summary judgment the "put up or shut up" moment in a lawsuit—"when a party must show what evidence it has that would convince a trier of fact to accept its version of events." See *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007). In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III. Analysis

Because "state law provides the substantive law in a diversity action," *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006), the Court applies Illinois negligence law. To succeed on her negligence claim under Illinois law, Plaintiff must establish that (1) Defendant owed her a duty, (2) Defendant breached that duty, and (3) Defendant's breach proximately caused her injury.

*Wilfong v. L.J. Dodd Constr.*, 930 N.E.2d 511, 519 (Ill. App. Ct. 2010). Whether a duty exists is a question of law to be determined by the Court. *Fulk v. Ill. Cent. R. Co.*, 22 F.3d 120, 125 (7th Cir. 1994). Defendant argues that Plaintiff's claim fails as a matter of law for two reasons: (1) Defendant did not owe Plaintiff a duty because the puddle on which she slipped was an open and obvious danger, obviating any duty on Defendant's behalf; and (2) even if Defendant owed Plaintiff a duty to warn, Defendant met its required duty as matter of law by placing a yellow caution sign next to the puddle, which it asserts Plaintiff ignored. Plaintiff disagrees, asserting that the puddle was not open and obvious given the conditions at the time she fell and that the sign was not within her line of sight before she fell.

### A. Open & Obvious

"In Illinois, the open and obvious doctrine is an exception to the general duty of care owed by a landowner." *Park v. N.E. Ill. Reg'l Commuter R.R. Corp.,* 960 N.E.2d 764, 769 (Ill. App. Ct. 2011). This is because "persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Bucheleres v. Chi. Park Dist.*, 665 N.E.2d 826, 832 (Ill. 1996); see also *Ward v. K Mart Corp.,* 554 N.E.2d 223, 230 (Ill. 1990) ("Certainly a condition may be so blatantly obvious and in such position on the defendant's premises that he could not reasonably be expected to anticipate that people will fail to protect themselves from any danger posed by the condition."). Thus, "[i]n cases involving obvious and common conditions * * * the law generally assumes that persons who encounter these conditions will take care to avoid any danger inherent in such condition." *Bucheleres,* 665 N.E.2d at 832. "The open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks." *Id.*

6

"Whether a dangerous condition is open and obvious may present a question of fact." *Bruns v. City of Centralia*, 21 N.E.3d 684, 690 (2014). However, "where no dispute exists as to the physical nature of the condition, whether the dangerous condition is open and obvious is a question of law." *Id.* "The term [o]bvious denotes that both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Prostran v. City of Chicago*, 811 N.E.2d 364, 368 (Ill. App. Ct. 2004) (quotations and citations omitted). "Whether a condition is open and obvious depends on the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge." *Id.* "In other words, 'if a reasonable person with the plaintiff's knowledge of the situation would have appreciated and avoided a hazard created by the defendant's actions, then from the defendant's perspective the plaintiff's injuries were neither foreseeable nor likely.'" *Dunn v. Menard, Inc.*, 880 F.3d 899, 907 (7th Cir. 2018) (quoting *Smith v. MHI Injection Molding Mach., Inc.*, 2014 WL 1516592, at *5 (N.D. Ill. Apr. 18, 2014)).

Despite Defendant's arguments to the contrary, Plaintiff has raised a genuine issue of material fact regarding the physical nature of the condition. Defendant points out that in the pictures of the restroom vestibule where Plaintiff fell—purportedly taken immediately taken after her fall—the space appears well lit and the wet floor sign is clearly visible in the center of the space. Likewise, Defendant also highlights that Plaintiff (1) drew a rendering of the accident scene that showed the puddle stretching across nearly the entire vestibule and (2) allegedly told a nurse at the hospital that she had seen the puddle before she continued towards the restroom and fell when the floor turned out to be more slippery than she expected. Defendant argues that in light of this evidence the Court simply cannot accept Plaintiff's testimony that (1) the vestibule was dark and dimly lit as she approached the restroom such that she did not see the puddle before she fell,

7

(2) the wet floor sign was not visible immediately before her fall because the wall of the men's room blocked her view, and (3) that she made no such comment to the nurse.[1]

The Seventh Circuit has stressed that no matter how "self-serving" a plaintiff's testimony may allegedly be, sworn testimony is enough to raise a genuine issue of material fact. See, e.g., *Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013) ("As we have repeatedly emphasized over the past decade, the term 'selfserving' must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment."); see also *Trustees of Chicago Reg'l Council of Carpentars Pension Fund v. Celtic Floor Covering, Inc.*, 2019 WL 2208351, at *5 (N.D. Ill. May 22, 2019) (denying summary judgment for Plaintiff despite overwhelming documentary evidence in its favor given the defendant's deposition testimony). Thus, while Plaintiff may not have any evidence other than her testimony that the photo does not represent a true and accurate depiction of the vestibule at the time of her fall, her testimony regarding the vestibule's lighting and the location of the caution sign is enough to raise a genuine issue of material fact. Likewise, her own testimony disputing the nurse's description of Plaintiff's fall in her medical record is also enough to raise a genuine issue of material fact. In short, because Plaintiff and Defendant clearly dispute the visibility of the vestibule floor's condition and the location of the caution sign, the Court cannot grant summary judgment.

Unlike in *Rosenberg v. Home Depot U.S.A., Inc.*, 2019 WL 670262 (N.D. Ill. Feb. 19, 2019), or *Dunn v. Menard, Inc.*, 880 F.3d 899, 907 (7th Cir. 2018), the parties actually dispute whether Plaintiff actually saw, or could see, the puddle and/or the caution sign. This case bears a great resemblance to *Buchaklian v. Lake Count Family Young Men's Christian Association*, 732

---

[1] Additionally, Plaintiff explains that the text of the document that Defendant cites does not represent the verbatim statement of Plaintiff, but rather the nurse's own misinterpretation of her statement. [25, at 4 (citing 27, ¶ 24).]

N.E.2d 596 (Ill. App. Ct. 2000). In *Buchaklian*, both the plaintiff and another witness testified that they had never seen the mat defect in question prior to the plaintiff's trip and fall. *Id.* at 601. But another witness testified that she had previously seen the defect, though only after both she and her daughter tripped on the mat. *Id.* Based on the three witnesses' testimony, the Illinois Appellate Court concluded that the "condition of the condition of the mat was not 'so blatantly obvious and in such [a] position' that the YMCA could not reasonably be expected to anticipate that invitees would fail to protect themselves from any danger posed by the condition of the mat." *Id.* (citing *Ward*, 554 N.E.2d at 230). Consequently, the court found a triable issue of fact as to whether the danger was open and obvious.

Here, Plaintiff claims that she could not see the puddle due to the poor lighting conditions and the fact that the wet floor sign was placed closer to the men's room and thus blocked by a wall as she approached the restroom vestibule. Although Defendant points to a mountain of evidence to counter Plaintiff's account, the Court may not simply discount Plaintiff's testimony for the reasons explained above. A reasonable jury must resolve whether the defect in the floor—in this case what the parties appear to agree was a puddle of water—was invisible to "a reasonable [person], in the position of the [Plaintiff], exercising ordinary perception, intelligence, and judgment." *Prostran*, 811 N.E.2d at 368.

Neither *Ballog v. City of Chicago*, 980 N.E.2d 690 (Ill. App. Ct. 2012), nor *Pageloff v. Gaumer*, 849 N.E.2d 1086, 1089 (Ill. App. Ct. 2006), supports a contrary result. In *Ballog*, the Illinois Appellate Court noted that the plaintiff on appeal did not "advocate that the 'physical nature' of the gap in the street surface was disputed by the parties below," and therefore found no factual dispute as to the condition's nature. *Id.* at 697. Thus, based on the uncontested facts regarding the condition, the court concluded that the danger was open and obvious. *Id.* at 697–98.

9

Here, by contrast, the parties vigorously dispute the physical condition of the hazard. These conflicts make it impossible for the Court to conclude that Defendant is entitled to judgment as a matter of law. Likewise, even a large puddle of water on the floor of a purportedly dark restroom vestibule—given Plaintiff's claim that it was essentially invisible due to its clarity—cannot be fairly compared to the walnut on the ground of a wooded campground that caused the injury in *Pageloff*. 849 N.E.2d at 482–83. Nor has Defendant put forth any argument that puddles outside warehouse restrooms are even as remotely intrinsic as twigs, branches, nuts, or leaves on the ground of a wooded campground. Consequently, the Court concludes *Pageloff* is inapposite.

In summary, Defendant argues that the size of the puddle, combined with the facts that the vestibule was well-lit and that a yellow caution sign had been placed in the center of the space, require the Court to conclude that the wet floor was an open and obvious hazard. By contrast, Plaintiff denies that the vestibule was well-lit or that she could see the sign from the direction in which she approached the restroom. As explained above, if Plaintiff is correct (as the Court must presume in considering Defendant's motion for summary judgment), the Court cannot conclude the wet floor was open and obvious as a matter of law. Consequently, there is a question of fact for the jury and the Court must deny summary judgment.

**B.      Warning**

In the alternative, Defendant argues that the Court should grant summary judgment because it warned Plaintiff of the allegedly dangerous condition by placing a sign near the puddle. Plaintiff again asserts that there is a question of fact, namely the location of the sign, which precludes granting summary judgment in Defendant's favor.

Once a storekeeper knows of a dangerous condition on her premises, she must do one of two things: (1) correct the condition or (2) give her customers sufficient warning to enable them

to avoid harm. See *Perminas v. Montgomery Ward & Co.*, 328 N.E.2d 290, 294 (Ill. 1975) (citing *Geraghty v. Burr Oak Lines, Inc.*, 5 Ill.2d 153, 157–58 (Ill. 1955)). With regard to slipping hazards specifically, Illinois appellate courts have suggested that placing a caution sign at an entry way that informs invitees that floors beyond the sign may met be wet is sufficient to meet the landowner's duty and avoid liability. See, e.g., *Bonavia v. Rockford Flotilla 6-1, Inc.*, 808 N.E.2d 1131, 1136 (Ill. App. Ct. 2004) ("Most importantly, the Flotilla had posted a sign near the launch ramp, stating 'Caution, Slippery When Wet.' The sign is precisely the type of simple warning that *Ward* suggested would remove the unreasonableness of the danger."). Likewise, in *Torres v. United States*, the court concluded that the defendant had adequately warned visitors of wet floors, given (1) the government had placed warning signs and (2) "[t]here was no evidence that the warning signs were inadequate, or that the government had reason to expect visitors would not see or heed them." 1992 WL 394687, at *4 (N.D. Ill. Dec. 29, 1992). However, as *Torres* suggested, where a shopkeeper places signs in a manner that fails to sufficiently warn of the hazardous condition, the mere presence of a sign does not support granting summary judgment in the Defendant's favor.

For example, in *Heisey v. Meijer Stores Ltd. P'ship*, the court denied summary judgment on open and obvious grounds even though the store had put out caution signs in the general area around the spill. 2018 WL 2193198, at *4 (N.D. Ill. May 14, 2018). Although the plaintiff did not dispute that the defendant had put out wet floor signs, she alleged that they were not "adequately placed to sufficiently indicate where the hazardous condition was on the floor." *Id.* at *3. "In other words, she claim[ed] that although the cones were placed in the aisle, they were not positioned around the perimeter of the wet area so that she was not adequately warned of the hazard." *Id.* Given that the store's manager admitted that there was a bit of distance between

11

plaintiff and the cones when she fell, the Court concluded that it could not grant summary judgment and that there was an issue of fact to be resolved at trial because a reasonable jury could conclude that the cones had failed to provide adequate notice of the wet area on the floor. *Id.* at 3–4.

Here, too, Plaintiff claims that she could not see the wet floor sign as she approached the restroom because it was located close to the men's restroom entrance and blocked by a wall. Defendant counters that the sign was in the center of the vestibule and should have been clearly visible as Plaintiff approached the restroom. Importantly, Defendant does not argue that even if the sign were located where Plaintiff claims, it would have discharged its duty as matter as law. Even if Defendant had made that argument, it would be impossible for the Court to conclude that a sign placed near the men's restroom entrance was sufficient to warn of a puddle that allegedly stretched over more than half of the restroom vestibule. Consequently, the conflicting testimony summarized above presents an issue for trial, and the Court must deny Defendant's motion for summary judgment on this ground as well.

**IV.     Conclusion**

For the reasons set forth below, the Court denies Defendant's motion for summary judgment [23]. The Court sets the case for further status on August 20, 2019 at 9:00 a.m..

Dated:  July 29, 2019

                                                                                            _____
                                                                                            Robert M. Dow, Jr.
                                                                                            United States District Judge